Although I agree with the conclusion and analysis of the majority, I write separately to note that, on remand, the trial court should consider whether R.C. 3105.18(B) prohibits a court from awarding both a lump sum and periodic spousal support payments simultaneously. R.C. 3105.18(B) states, in part, that "[a]n award of spousal support may be allowed in real or personal property, or both, or by decreeing a sum of money, payable eitherin gross or by installments, from future income or otherwise, as the court considers equitable." (Emphasis added.)
In this writer's view, the foregoing emphasized portions of the statute reveal that if the General Assembly intended to permit the award of both a lump sum and periodic support payments, it would have employed the language "or both," as is stated in the first portion of the above-quoted passage of R.C. 3105.18(B). Therefore, I can only conclude that R.C. 3105.18(B) permits only an award of either lump sum or periodic spousal support payments in a given case.
However, in the instant matter, depending on the trial court's conclusions regarding its clarification of the property division and/or award of spousal support, the trial court may not need to reach this issue. In any event, the court should be mindful of this issue in the disposition of this matter. _______________________________ PRESIDING JUDGE DONALD R. FORD